# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, N.A., <br>     Plaintiff(s), <br> v. <br> FLAMINGO 316, LLC, et al., <br>     Defendant(s). | Case No.: 2:17-cv-02400-JAD-NJK <br><br> **Order** |

United States District Judge Jennifer A. Dorsey ordered that a mandatory settlement conference be held in this case. Docket No. 60. Attorney Luis Ayon represents two individually-named Defendants (Tom Dadon and Daniela Dadon) and several corporate defendants (Flamingo 316, Dadon Condos, and Meridian Resorts LLC 220 E Flamingo Unit 316 Series). The individually-named Defendants did not appear at the settlement conference despite a clear order that they must do so absent the filing and granting of a request for exception. Moreover, when the Court ordered at the settlement conference that Tom Dadon and Daniela Dadon appear within 20 minutes, Mr. Ayon represented to the Court that they were in Israel. Given these and other problematic circumstances, the Court issued an order to show cause identifying specific details that Mr. Ayon, Tom Dadon, and Daniela Dadon were required to submit in declaration form. Docket No. 70. The responses to date have been incomplete and evasive. For example, the Court required a declaration from Tom Dadon identifying "his location at 9:00 a.m. (Pacific daylight time) on May 9, 2019," *id.* at 2, but he instead submitted a declaration attesting to what he was

1

doing at that time, Docket No. 72 at 2. That was not the information ordered.[1] Even worse, no declaration has been filed from Daniela Dadon.[2]

The Court will provide one final opportunity for Mr. Ayon, Tom Dadon, and Daniela Dadon to provide information as ordered. **If they choose to again evade the Court's inquiry, the Court will begin contempt proceedings and/or impose sanctions beyond those currently being contemplated.** The Court hereby **ORDERS** Mr. Ayon, Tom Dadon, and Daniela Dadon to file declarations by May 29, 2019, as follows:

- A declaration from Mr. Ayon made in compliance with 28 U.S.C. § 1746 attesting to: (1) the specific basis for his representation in the settlement statement (signed on May 6, 2019) that the settlement conference would be attended by Shaul Dadon, Tom Dadon, Daniela Dadon, and Itay Dadon; (2) as of the hearing held on May 7, 2019, Mr. Ayon's belief and understanding as to exactly who would be attending the settlement conference; (3) the specific basis of that understanding; (4) as of the settlement conference at 9:00 a.m. (Pacific daylight time) on May 9, 2019, Mr. Ayon's belief and understanding as to the location of Tom Dadon and Daniela Dadon at that specific date and time; (5) the specific basis for that understanding; (6) the specific basis for Mr. Ayon's representation to the Court at the settlement conference that Tom Dadon and Daniela Dadon were at that moment located in Israel; and (7) the steps Mr. Ayon took (if any) to ensure compliance with the Court's settlement conference attendance requirements after he was admonished for similar conduct on November 13, 2018, *see*

---

[1] Of course, declarations filed in federal court must comply with 28 U.S.C. § 1746. Mr. Ayon's own declaration included a provision that it was being submitted "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief." Docket No. 71 at 6. Conspicuously absent from Tom Dadon's declaration is any similar language. *See* Docket No. 72.

[2] It appears Mr. Ayon did not believe he was required to comply with that aspect of the order based on his ridiculous assertion that Ms. Dadon does not have settlement authority. *See* Docket No. 71 at 5. As a threshold matter, that is <u>directly contrary</u> to Mr. Ayon's representation to the Court in the settlement statement indicating that "Daniela Dadon" has "full settlement authority." Moreover, Mr. Ayon provides no explanation how Ms. Dadon would not have settlement authority with respect to claims that have been brought against <u>her</u>.

2

*Bank of N.Y. Mellon v. Painted Desert Community Assoc.*, Case No. 2:17-cv-01466-JCM-NJK, Docket No. 64 (D. Nev. Nov. 13, 2018).

- A declaration from Tom Dadon made in compliance with 28 U.S.C. § 1746 attesting to his location at 9:00 a.m. (Pacific daylight time) on May 9, 2019. If Mr. Dadon attests to being out of town or out of the country, the declaration must also attach a true and accurate copy of the travel documentation.

- A declaration from Daniela Dadon made in compliance with 28 U.S.C. § 1746 attesting to: (1) her location at 9:00 a.m. (Pacific daylight time) on May 9, 2019; and (2) the date on which she was first aware of the settlement conference set in this case. If Ms. Dadon attests to being out of town or out of the country, the declaration must also attach a true and accurate copy of the travel documentation.

Lastly, the declaration from Shaul Dadon references an attachment of travel documents, but it does not actually attach them. *See* Docket No. 73. The declaration is also not sworn under penalty of perjury as required by 28 U.S.C. § 1746. The declaration also does not actually attest as to Shaul Dadon's location as of 9:00 a.m. (Pacific daylight time) on May 9, 2019. To the extent consideration of this declaration is sought, a proper declaration from Shaul Dadon correcting these shortcomings must be filed by May 29, 2019.

IT IS SO ORDERED.

Dated: May 22, 2019

_____
Nancy J. Koppe
United States Magistrate Judge