UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, N.A., <br> Plaintiff(s), <br> v. <br> FLAMINGO 316, LLC, et al., <br> Defendant(s). | Case No.: 2:17-cv-02400-JAD-NJK <br><br> **Order** |

Judges prefer not to spend their time lecturing and cajoling violating attorneys into compliance through the imposition of sanctions. *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Unfortunately, the egregious misconduct of attorney Luis Ayon requires the expenditure of that time in this case. Pending before the Court is an order for Mr. Ayon to show cause why he should not be sanctioned. Docket No. 70.[1] For the reasons explained below, the Court **SANCTIONS** Mr. Ayon in the amount of $1,000 in attorneys' fees and in a $3,000 fine payable to the Clerk. The Court also **REFERS** Mr. Ayon to the Nevada State Bar for potential discipline for his ethical lapses.

## I. FACTUAL BACKGROUND

Mr. Ayon represented in this case two individually-named Defendants (Tom Dadon and Daniela Dadon) (hereinafter "Tom" and "Daniela") and several corporate defendants (Flamingo

---

[1] That order to show cause was also directed to others, but that aspect of the order to show cause was separately discharged. *See* Docket No. 78 at 1.

1

316, Dadon Condos, and Meridian Resorts LLC 220 E Flamingo Unit 316 Series). United States District Judge Jennifer A. Dorsey ordered that a mandatory settlement conference be held. Docket No. 60. On March 27, 2019, the undersigned issued an order setting that settlement conference for May 9, 2019. Docket No. 61. The Court outlined therein the requirements for the settlement conference, including that "[a]ll individual parties" must personally appear unless a motion for an exception was filed and granted. *Id.* at 1-2. The deadline to seek an exception to the attendance requirements was set for April 3, 2019. *See id.* at 2. The Court also required the submission of a settlement statement by May 2, 2019, that included identification of "[t]he names of the people who will attend the settlement conference." *Id.*

No request for an exception to the settlement conference attendance requirements was filed by Mr. Ayon for any of his clients. Mr. Ayon violated the order to submit a settlement statement by May 2, 2019, resulting in the issuance of an order requiring that he do so by May 6, 2019. Docket No. 64. In the untimely settlement statement that was signed by Mr. Ayon on May 6, 2019, he represents as follows:

> **1.** **Names of People Attending the Settlement Conference**
>
> Shaul Dadon, Tom Dadon, Daniela Dadon, and Itay Dadon are defendants in this matter and have full settlement authority. Luis A. Ayon, Esq. is lead counsel for Flamingo 316, LLC, Dadon Condos, LLC, Tom Dadon, as Trustee of T&D Nevada Trust, Meridian LLC and Flamingo East Flamingo Unit 316 Series and will be attending the settlement conference.

Settlement Statement at 1-2 (emphasis in original). Although this section is written (intentionally or otherwise) with some imprecision, its import is that Mr. Ayon would be attending the settlement conference with Tom, Daniela, Shaul Dadon, and Itay Dadon.

On May 7, 2019, Plaintiff filed a stipulation to reschedule the settlement conference because of an unforeseen personal conflict for its corporate representative. Docket No. 65. The Court held a telephonic hearing that afternoon and determined that the settlement conference would proceed as scheduled. *See* Docket No. 67. At no time during that hearing did Mr. Ayon

request a continuance of the settlement conference because of his own clients' inability to attend. *See* Hearing Rec. (05/07/2019).[2]

When the settlement conference convened at 9:00 a.m. on May 9, 2019, Mr. Ayon appeared with only Itay Dadon. *See* Docket No. 69. The Court ordered that Tom and Daniela appear within 20 minutes, but Mr. Ayon represented that compliance was impossible because they were in Israel. Mr. Ayon further represented that he had only just become aware of that fact, and specifically represented that he did not know of their inability to attend when the Court held the above telephonic hearing on May 7, 2019. Mr. Ayon asked the Court to proceed with the settlement conference anyway, as he thought settlement could be achieved with participation of only Itay Dadon.[3] Given the non-compliance with its order, however, the Court vacated the settlement conference.

The Court then reviewed the recording of the telephonic hearing from May 7, 2019. During a recess that was nonetheless recorded, Mr. Ayon had discussed with another attorney his clients' non-attendance at the then-imminent settlement conference: "Yeah, I think my clients should be fine. **I don't know if I can get everyone there, though, but I'll have someone with settlement authority**." Hearing Rec. (05/07/2019) at 3:11 p.m. (emphasis added). Quite obviously and contrary to his later representation, Mr. Ayon did indeed have reason to believe during this hearing that not all of his clients would be appearing as had been ordered, but he did not seek relief from the Court.

These circumstances are problematic standing on their own. They are even more concerning given the fact that the Court admonished Mr. Ayon only a few months earlier for very similar conduct in another case. *See Bank of N.Y. Mellon v. Painted Desert Community Assoc.*, Case No. 2:17-cv-01466-JCM-NJK, Docket No. 64 (D. Nev. Nov. 13, 2018). In that case, Mr. Ayon's settlement statement was unclear as to whether all individual defendants he represented would be appearing at the Court-ordered settlement conference, so the Court issued an order

---

[2] A transcript has not been prepared for the hearing, so the Court cites the audio recording.

[3] Mr. Ayon also asked the Court at the settlement conference to allow his clients to appear telephonically.

3

reiterating that all individual parties were required to appear. *See Painted Desert*, Docket No. 58. Mr. Ayon responded by filing an untimely request for one of his clients to be excused from appearing, supported by his declaration that he had "inadvertently failed to file this motion earlier due to the fact that counsel never dealt with [his absent client]." *See Painted Desert*, Docket Nos. 59, 60. The Court noted the deficiencies with the request, including that it was filed the night before the settlement conference and effectively granted the relief being sought because the client was not in Nevada, but the Court allowed Mr. Ayon's client to appear telephonically so that the settlement conference could proceed. *See Painted Desert*, Docket No. 61. The Court did not condone that behavior, however, and left no doubt that similar behavior would not be tolerated in the future:

> The Court issues this order separately to **ADMONISH** attorney Luis Ayon and [his client] for violating a clear Court order. Rather than seeking an exception to the Court's attendance requirements by filing a timely request, Mr. Ayon and [his client] ignored those requirements and effectively provided [his client] the relief she sought by seeking relief at the last minute. **FAILURE TO COMPLY WITH COURT ORDERS IN THE FUTURE MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

*Painted Desert*, Docket No. 64 at 1 (emphasis in original). Despite that warning, Mr. Ayon has not corrected his course.

Given the circumstances in this case, the Court issued an order to show cause why sanctions should not be imposed and required the filing of declarations from Mr. Ayon, Tom, and Daniela. Docket No. 70. The Court therein identified specific information it sought. For example, the Court ordered Mr. Ayon to file a declaration stating, *inter alia*, the specifics of his understanding of where Tom and Daniela were at the time of the settlement conference (*i.e.*, purportedly in Israel). *See id.* at 2. Mr. Ayon's response skirted the questions posed. *See* Docket No. 71.[4] Mr. Ayon

---

[4] As an overarching matter, Mr. Ayon blames his former paralegal for his clients' failure to appear. *See* Docket No. 71 at ¶¶ 3-24. This attempt to shift the blame is not persuasive. As a threshold matter, Mr. Ayon appears to have improperly delegated his responsibilities as an attorney to his staff. *See, e.g.*, Docket No. 71 at ¶ 8 ("this client only has one NRS 116 case with my law firm and I did not have regular communications with this client"). Moreover, regardless of the paralegal's alleged shortcomings, Mr. Ayon knew or should have known who was appearing at the settlement conference at the very latest when he submitted a settlement statement identifying the participants on May 6, 2019. Despite his representations in that statement, he did not contact his clients about appearing until the evening of May 7, 2019, through an email that itself does not

4

also drafted a declaration for Tom that evaded the questions posed, *see* Docket No. 72; *see also* Docket No. 71 at 5 n.2 (response from Mr. Ayon indicating that he drafted the declaration),[5] and he did not file any declaration for Daniela.

In light of the evasive responses, the Court issued a further order that declarations must be filed regarding the identified information. Docket No. 74. The Court warned that continued evasion could lead to contempt proceedings and/or the imposition of significant sanctions. *See id.* at 2. The deadline to file the declarations was set for May 29, 2019. *See id.* Despite the Court's emphatic warning, Mr. Ayon thumbed his nose at the Court and has refused to file a further declaration as ordered. Given Mr. Ayon's apparent calculation that the risk of a contempt finding is preferable to providing a declaration answering the Court's questions, one could easily infer that his provision of non-evasive answers would be highly disadvantageous for him. *Cf. Iulianelli v. Lionel, LLC*, 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002) (failing to provide information in response to order to show cause raises inference that the information is adverse to the respondent).

In consultation with newly-retained counsel, Tom and Daniela did file new declarations, however. Tom attests that he was not informed of the settlement conference until the evening of May 7, 2019 (*i.e.*, roughly 38 hours before the settlement conference was scheduled to commence), that he was not instructed at that time that his attendance was required, that he would have attended had he been so instructed, that he was in Las Vegas at the time of the settlement conference, and that he was not contacted at the start of the settlement conference about promptly appearing. Docket No. 75-1. Daniela attests that she was never informed of the settlement conference, that

---

state that all Defendants must appear. *See* Docket No. 75-1 at 5 ("I will need *someone* or everyone to attend the settlement conference" (emphasis added)). By Mr. Ayon's own attestation, he knew unequivocally the day before the settlement conference that Tom and Daniela would not be appearing. *See* Docket No. 71 at ¶¶ 33-34. Rather than filing any kind of motion, he simply appeared without all of the parties and then asked that the settlement conference proceed. This is effectively the same maneuver from months earlier, for which Mr. Ayon was admonished.

[5] The Court required Tom to identify his location at the time of the settlement conference given Mr. Ayon's representation that he was in Israel. *See* Docket No. 70 at 2. Instead of providing that information, the declaration stated that "[o]n May 9, 2019, I a [sic] companywide training day." Docket No. 72 at ¶ 5.

5

she would have attended had she been informed and instructed by Mr. Ayon to attend, and that she was in Las Vegas at the time the settlement conference took place. Docket No. 75-2.[6]

In short, the record stands as follows. In the settlement statement signed by Mr. Ayon on May 6, 2019, he represented falsely that Tom and Daniela would appear at the settlement conference, even though he had not communicated with them about the settlement conference at that time. When Tom and Daniela did not appear at the settlement conference on May 9, 2019, Mr. Ayon represented falsely that they were in Israel, even though they were in Las Vegas and potentially could have appeared had they been notified by Mr. Ayon at that time. When pressed why the alleged inability of Tom and Daniela to appear was not brought to the Court's attention sooner, including specifically at the telephonic hearing two days earlier, Mr. Ayon represented falsely that he believed at that time that all of his clients would be attending the settlement conference and only became aware otherwise thereafter. As Mr. Ayon stated at that telephonic hearing when he apparently thought he was off the record, however, he did not believe at that time that all of his clients would be appearing for the settlement conference. Mr. Ayon did all of the above despite an admonishment months earlier that individual parties must attend settlement conferences, that the proper procedure for seeking relief from that requirement is to file a motion, and that Mr. Ayon is not permitted to grant himself that relief by simply delaying that request and then asking that the settlement conference still proceed. *Painted Desert*, Docket No. 64 at 1.

The reason for this course of conduct seems clear, as Mr. Ayon tellingly states that he attended the settlement conference without complying with the Court's order because, in his view, the settlement conference could have still been successful. *Id.* at ¶ 36.[7] Hence, Mr. Ayon took it

---

[6] It turns out that Mr. Ayon has never communicated with Daniela, Docket No. 71 at ¶ 34, despite her being named as a defendant in this case.

[7] Whether Mr. Ayon believes the order setting attendance requirements is a wise one is not pertinent. *See, e.g.*, *Wilson v. KRD Trucking West*, 2013 WL 836995, at *4 (D. Nev. Mar. 6, 2013) (citing *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979) and *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 654-55 (7th Cir. 1989) (*en banc*)). At any rate, the attendance of Tom and Daniela is especially significant in this case given not only their status as parties, but also as potentially important witnesses. A key factual issue in this case is the unusual, intra-family circumstance involved in the underlying foreclosure sale. Tom and Daniela are married. *See* Docket No. 75-1 at ¶ 6. The foreclosed-upon property owner is Richard Cohen, who is identified in deposition transcripts as Tom's father-in-law (*i.e.*, presumably Daniela's father). *See* Docket No. 57-1 at 6. Mr. Cohen appeared at the foreclosure sale, at which he did

upon himself to determine what the attendance requirements should be at the settlement conference regardless of the Court's order to the contrary. Of course, it is not Mr. Ayon's prerogative to violate the Court's order, but he still bestowed that authority on himself anyway by choosing not to file a motion for relief and simply proceeding as if relief had been granted. He then misled the Court as to the circumstances in an attempt to justify that course of conduct.[8]

## II. STANDARDS

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman*, 613 F.2d at 197; *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). There are several sources of legal authority through which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failing to obey a "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). When attorneys or parties fail to comply with an order regarding a settlement conference, Rule 16(f) is triggered. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders." The range of sanctions include those authorized by Rule 37(b)(2)(A)(ii)-(vii), such as entry of case-dispositive

---

not bid on his own behalf but rather curiously bid on behalf of an LLC owned by Tom and Daniela. *See id.*; *see also* Docket No. 60 at 1. This unusual circumstance is a key reason this case is proceeding to trial. *See* Docket No. 60 at 11. As such, the Court's assessment of how Tom or Daniela would perform as trial witnesses could significantly aid in achieving a resolution at the settlement conference.

[8] The Court has not attempted to catalogue herein all of Mr. Ayon's missteps in this case, and there are others. For example, Mr. Ayon expressly represents in the settlement statement that Daniela has full settlement authority, but Mr. Ayon states under oath in a declaration that Daniela has no settlement authority. *Compare* Settlement Statement at 1 *with* Docket No. 71 at ¶ 34.

7

sanctions. Fed. R. Civ. P. 16(f)(1). Although not expressly enumerated, the imposition of a fine is among the "just orders" authorized by Rule 16(f). *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). Rule 16(f) also expressly contemplates an award of attorneys' fees incurred because of the violation, absent a showing that the conduct was substantially justified or other circumstances make an award of fees unjust. Fed. R. Civ. P. 16(f)(2).

**III. ANALYSIS**

The Court set a settlement conference and ordered that, *inter alia,* "[a]ll individual parties" must personally appear unless a motion for an exception is filed and granted. Docket No. 61 at 1-2. Until recently, Mr. Ayon represented two individually-named Defendants, Tom and Daniela, neither of whom accompanied him to the settlement conference. Mr. Ayon does not dispute—nor could he—that he violated the Court's order.[9]

Aggravating these circumstances, the Court recently admonished Mr. Ayon for similar conduct in another case. *Painted Desert*, Docket No. 64 at 1. As the Court's settlement conference order in this case and the admonishment in *Painted Desert* both make clear, the procedure for seeking an exception to the attendance requirements is the filing of a proper motion. *See id.*; *see also* Docket No. 61 at 2. Unless and until such a motion is filed and granted, an attorney is required to comply with the Court's order. An attorney cannot *de facto* grant himself relief from that order by appearing at the settlement conference without the required participants and then seeking relief orally at that time.

Further aggravating the circumstances, Mr. Ayon misled the Court in an effort to justify the above conduct. On May 6, 2019, Mr. Ayon made the baseless representation in his settlement statement that Tom and Daniela would be attending the settlement conference, when he had not inquired with Tom about attending and had never even spoken with Daniela at all. When Tom and Daniela did not appear at the settlement conference on May 9, 2019, Mr. Ayon represented falsely that they were in Israel when they were in Las Vegas and potentially could have appeared

---

[9] To be clear, Mr. Ayon does not argue that he was confused about the attendance requirements or that he believed the language of the order did not require the attendance of Tom and Daniela.

8

if told to do so at that time. Mr. Ayon also represented falsely that he had believed that all of his clients would be attending the settlement conference and only became aware otherwise after the telephonic hearing on May 7, 2019, when he actually stated on the record during a recess at that hearing that he did not believe all of his clients would attend.

Given the violation of a clear order, Rule 16(f) is triggered in this case. Given the above aggravating circumstances, sanctions will be imposed against Mr. Ayon.

Mr. Ayon's misconduct led to the unnecessary incursion of attorneys' fees by the other parties in this case (Plaintiff and the HOA), and those fees should be borne by Mr. Ayon. Because the Court has now rescheduled the settlement conference, *see* Docket No. 78, the Court will not award fees for the time expended in preparing settlement statements as those fees were not incurred unnecessarily. Counsel for Plaintiff and the HOA did waste their time traveling to and from the settlement conference, however, and undoubtedly preparing themselves to proceed with the settlement conference as scheduled. To account for the few hours expended by counsel in that manner, the Court **ORDERS** Mr. Ayon to pay Plaintiff and the HOA $500 each in attorneys' fees by June 17, 2019. Mr. Ayon must file a notice by that date attesting to having done so.

Mr. Ayon's misconduct also led to the wasting of the Court's time in convening the settlement conference and in handling the resulting order to show cause. The Court's time is a public resource that should not be squandered. *See, e.g.*, *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986). Moreover, the Court previously admonished Mr. Ayon for substantially similar conduct. Obviously, the Court's prior warning to Mr. Ayon proved to be insufficient to deter future violations. Indeed, Mr. Ayon's misconduct escalated in this case given his subsequent dishonesty and the additional violation of the second order to file a declaration. Although it does not sufficiently reflect the severity of Mr. Ayon's misconduct, the Court **ORDERS** Mr. Ayon to pay a fine in the amount of $3,000. Payment of the fine shall be made to the "Clerk, U.S. District Court" no later than June 17, 2019. Mr. Ayon must file a notice by that date attesting to having done so.

## IV. REFERRAL TO THE STATE BAR

Pursuant to Canon 3(B)(5) of the Code of Conduct for United States Judges, "[a] judge should take appropriate action upon learning of reliable evidence indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct." More specifically, "[j]udges are obligated to alert disciplinary authorities to possible unethical conduct by attorneys." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Repeated failure to comply with the Court's orders is an appropriate basis for referral to the Nevada State Bar for investigation. *See Weddell*, 261 P.3d at 1085 n.9; *see also* Local Rule IA 11-7(a) ("An attorney. . . who fails to comply with this court's rules or orders" is subject to appropriate disciplinary action). Incompetent lawyering, failure to communicate with a client, and lack of candor are also violations of the Nevada Rules of Professional Conduct for which disciplinary action may be taken. *See* Nev. R. Prof. Conduct 1.1, 1.4, and 3.3.

As noted above, Mr. Ayon violated at least two Court orders in this case. *See* Docket No. 61 (order requiring (1) submission of settlement statement by May 2, 2019, and (2) attendance at settlement conference by "[a]ll individual parties"), Docket No. 74 (order to file a second declaration). Mr. Ayon also displayed a lack of candor in his representations to the Court, as described above. Mr. Ayon also displayed incompetent lawyering and a failure to communicate with his clients. *See, e.g.*, Docket No. 71 at ¶ 8 ("this client only has one NRS 116 case with my law firm and I did not have regular communications with this client"); *id.* at ¶ 34 ("I have never spoken to Daniela Dadon at all"). Given these circumstances, the Court **REFERS** this matter to the Nevada State Bar for potential disciplinary proceedings.

The Clerk's Office is **INSTRUCTED** to provide a copy of this order to:

> State Bar of Nevada
> Attn: Office of Bar Counsel
> 3100 Charleston Blvd., Suite 100
> Las Vegas, NV 89102

## V. CONCLUSION

For the reasons discussed above, the Court hereby resolves the pending order to show cause against Luis Ayon as follows: (1) Mr. Ayon must pay Plaintiff and the HOA attorneys' fees in the

amount of $500 each by June 17, 2019; (2) Mr. Ayon must pay a Court fine of $3,000 by June 17, 2019; and (3) this matter is referred to the Nevada State Bar for potential disciplinary proceedings.

IT IS SO ORDERED.

Dated: June 4, 2019

                                                                                                              Nancy J. Koppe
                                                                                                              United States Magistrate Judge